# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2013

Lyle W. Cayce
Clerk

No. 12-60350

OMAR ALEJANDRO BANUELAS-PEREZ, also known as Omar Alejandro Banuelas, also known as Omar Banuelas,

Petitioner,

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for Review of an Order
of the Department of Homeland Security
DHS No. A094 775 183

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Omar Alejandro Banuelas-Perez ("Banuelas-Perez") was initially ordered removed from the United States in 2010 after he admitted that he was convicted of an aggravated felony and was deportable on that basis. He returned to the United States without authorization and the Department of Homeland Security ("DHS") determined that he was subject to removal through reinstatement of the 2010 removal order. Banuelas-Perez filed a petition for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the reinstatement order, challenging only the validity of the 2010 removal order. Because we lack jurisdiction to consider his collateral attack on the 2010 removal order, we DISMISS his petition for review.

## I.

Banuelas-Perez, a native and citizen of Mexico, entered into the United States at an unknown time and place and was convicted of delivery of a controlled substance in violation of Texas law in 2008. In 2010, DHS, pursuant to 8 U.S.C. § 1228(b), issued a Notice of Intent to Issue a Final Administrative Removal Order charging Banuelas-Perez as deportable because he had been convicted of an aggravated felony, as that term is defined in 8 U.S.C. § 1101(a)(43)(B). Banuelas-Perez did not contest these charges and signed a waiver which states the following:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.
>
> I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

That same day, DHS issued a Final Administrative Removal Order, ordered Banuelas-Perez removed, and deported him to Mexico.

At some time thereafter, Banuelas-Perez returned to the United States without authorization. He was arrested and, eventually, DHS issued a Notice of Intent/Decision to Reinstate Prior Order. A supervisory officer determined that Banuelas-Perez was subject to removal through reinstatement of the 2010 removal order and ordered him removed to Mexico. Banuelas-Perez filed a petition for review in this court.

## II.

Banuelas-Perez seeks review of his reinstatement order solely on the ground that the already-executed and final 2010 removal order is invalid. In

these circumstances, we have jurisdiction to "review the validity of the underlying removal order only if [the petitioner] establishes that there was a gross miscarriage of justice in the initial proceedings." *Ramirez–Molina v. Ziglar*, 436 F.3d 508, 514 (5th Cir. 2006). Respondent maintains that we lack jurisdiction to review the validity of Banuelas-Perez's underlying 2010 removal order because he has failed to establish that there was a gross miscarriage of justice in those proceedings. We agree.

Although we have not yet developed "a precise standard for what constitutes a gross miscarriage of justice sufficient to allow us to consider the merits of a petitioner's collateral attack on a removal order," *id.*, a conclusion that a gross miscarriage of justice has occurred is "rare." *Lara v. E.M. Trominski*, 216 F.3d 487, 493 (5th Cir. 2000) (noting that the Fifth Circuit "has never allowed an immigrant's collateral challenge to his prior deportation order on the basis of a gross miscarriage of justice"). Banuelas-Perez maintains that he meets this high standard because DHS officials allegedly did not inform him of the specific conviction that qualified as an aggravated felony.[2] This assertion—even if accepted as true—fails to meet the high standard required for us to conclude that a gross miscarriage of justice occurred.

While it is unclear from the record exactly what information DHS officials provided to Banuelas-Perez relating to his 2008 Texas conviction, it is undisputed that he was informed of the following charges: "You are deportable under section 237(a)(2)(A)(iii) of the Act, U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section

---

[2] Banuelas-Perez also maintains that his 2008 Texas conviction for delivery of a controlled substance is not categorically an aggravated felony and, therefore, would not have supported his expedited removal. We need not reach this underlying merits question, however, unless Banuelas-Perez successfully demonstrates that a gross miscarriage of justice occurred in the removal proceedings. *See, e.g.*, *Ramirez–Molina*, 436 F.3d at 515 (explaining that it is "unnecessary to discuss the merits of" a petitioner's collateral challenge to the validity of the initial removal order if the petitioner "cannot establish that there was a gross miscarriage of justice in those proceedings").

101(a)(43)(B) of the Act, 8 U.S.C. 1101(a)(43)(B)." Accordingly, it is undisputed that Banuelas-Perez was given reasonable notice of the charges.

Banuelas-Perez contends, however, that DHS failed to comply with all regulations applicable to the 8 U.S.C. § 1228 expedited removal process. Based on our review of the regulations cited by Banuelas-Perez, we are unconvinced that a violation occurred in his 2010 removal proceedings, much less an error significant enough to constitute a gross miscarriage of justice. Importantly, one regulation Banuelas-Perez cites requires the *immigration official*, not the individual who is the subject of the proceedings, to confirm that there is sufficient evidence to support a finding that the charged individual has been convicted of an aggravated felony based on any of the appropriate records. *See* 8 C.F.R. § 238.1(b). Therefore, it is not a violation of § 238.1(b) if the charged individual does not personally view the records supporting the finding that the charged individual was convicted of an aggravated felony. Also, the applicable regulations, and the form Banuelas-Perez signed, explicitly allow an alien to request the opportunity to review the evidence supporting the charges. *Id.* § 238.1(c)(ii) ("If an alien's written response requests the opportunity to review the Government's evidence, the Service shall serve the alien with a copy of the evidence in the record of proceeding upon which the Service is relying to support the charge."). Banuelas-Perez did not request the opportunity to review the evidence supporting the charges against him. Accordingly, DHS's alleged failure to provide Banuelas-Perez with the opportunity to review the evidence—in the absence of a request to do so—does not constitute a gross miscarriage of justice.

Moreover, even if a violation of the applicable regulations did occur in Banuelas-Perez's 2010 removal proceedings, his waiver of his right to challenge the allegations in those proceedings is a "critical factor" in considering whether a gross miscarriage of justice occurred. *Lara*, 216 F.3d at 494 ("[W]aivers are a critical factor in denying claims that deportation proceedings constituted a gross miscarriage of justice."); *see also Ramirez–Molina*, 436 F.3d at 515 (relying on

No. 12-60350

the petitioner's failure to contest his removability in the initial proceedings to conclude that the petitioner was unable to establish that there was a gross miscarriage of justice). Banuelas-Perez's failure to contest his removability in the 2010 removal proceedings, combined with an absence of any suggestion that he was prevented from exercising his rights to contest that determination, weighs decidedly against a conclusion that a gross miscarriage of justice occurred in the 2010 removal proceedings.

III.

Accordingly, we DISMISS Banuelas-Perez's petition for review for want of jurisdiction.